## J. J. ROBBINS *v.* THE OMNIBUS RAILROAD COMPANY.

STREET RAILROADS IN SAN FRANCISCO.—Companies operating street railroads in San Francisco are only required to keep in repair that part of the street lying between the rails along which the cars run and between which the horses travel. They are not required to keep in repair that part of the street lying between a double track.

MEANING OF WORD USED IN TWO ACTS.—When two Acts are *in pari materia*, or one is an amendment of the other, it will be presumed that a word used in a certain sense in the first Act was used in the same sense in the subsequent one.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The plaintiff recovered judgment in the Court below, and the defendant appealed.

The other facts are stated in the opinion of the Court.

*Haight & Pierson,* for Appellant.

*Horace M. Hastings,* for Respondent.

By the Court, SHAFTER, J. :

The complaint alleges that the defendant owns and operates a horse railroad, consisting of a double track, in and upon Third street, between Howard and Folsom streets, in the City of San Francisco, and the purpose of the action is to recover of the defendant five hundred and twenty dollars for "repaving the space between the rails of defendant's said railroad, to wit: the space of two thousand feet." It appears that on Third street the defendant's road has a single track for a part of the way and a double track for the residue; that the double track is but a continuation of the single track, running out of it and into it. The space for the repaving of which the suit is brought is the space between the double tracks, and it is stipulated that the only question involved is as to the obligation of the defendant to keep this space between the two single tracks—constituting the double track—in repair.

The question turns upon the construction to be given to the

second section of an Act passed on the 2d of April, 1866, entitled " An Act to regulate the rates of fare and paving on certain street railroads in the City and County of San Francisco." (Laws 1866, p. 850.) The section is as follows: " All persons or corporations owning, maintaining or operating railroads heretofore or hereafter constructed in the City and County of San Francisco for the transportation of passengers in cars drawn by horses, shall keep the space between the rails in thorough repair by paving, planking or macadamizing the same, as required by the Board of Supervisors of said city and county; but shall not be required to pave, plank or macadamize any portion of the street outside of the track of such road; and in all contracts for street work the contractor shall pave, plank or macadamize the entire width of the street let, except that portion between the rails of any street railroad above referred to." It will be seen that the space which the companies named in the Act are to keep in repair is defined as the " space between the rails;" and the only question to be considered is as to what rails are here referred to. It is insisted by the defendant that the rails between which it is bound to repair, are the rails along which the cars run and between which the horses travel—and that where there are two such sets of pairs of rails, forming what is called a double track, the test of liability is the same nevertheless. The respondent, on the other hand, while he both admits and claims that the space between the rails named is covered by the liability, insists that the rails bounding the space between two single tracks—and over which rails the cars do not run and between which the horses do not travel—are rails within the meaning of the Act; and that the companies are therefore bound to repair the space between these rails also.

One of the three descriptions given in the Act of 1866 of the space which the companies are to keep in repair, is negative in its character—that is to say, the space is not " any portion of the street outside of the track of such road," which is the same as saying that it is that portion of the street which

60

lies inside the track.   If, then, the word " track " is applicable
to the space between two single tracks, as the respondent
claims it to be, then the rails by which that space is bounded
must be considered as " rails " between which the companies
are to repair ; otherwise not. . Now it is provided in the third
section of the Act of 1861, (Acts 1861, p. 190,) under which
the defendant claims by assignment, that " the track of said
railroad shall not be more than five feet wide within the rails,
with a space between the double tracks sufficient for the pas-
sage of the cars."   Here two distinct spaces are referred to
and described.   The first is described as lying " within the
rails" and is called the " track ;" from the other space not only
is that name withheld, but no other name is given to it.   It is
described in a general way as " a space between the double
tracks."   But that the two spaces are entirely distinct from
each other in the eye of the section is further shown by the
fact that the maximum width of the one to which the term
track is applied is fixed at five feet, while nothing is said con-
cerning the maximum width of the other ; the only direction
given is as to the minimum width of the space, which is
required simply to be " sufficient for the passage of the cars."
From this it is entirely manifest that the term " track " does
not, in the meaning of the section, include the space between
double tracks, but is confined to the only space remaining,
that is to say, the space bounded by the rails along which the
cars run and between which the teams travel, and the greatest
width of which is limited to five feet.   This definition of the
term " track," as used in the Act of 1861, must be considered
as presenting the true sense in which the same word is used
in the Act of 1866.   The two Acts are not only *in pari mate-
ria,* but the latter is, in effect, an amendment of the former ;
and it is not to be supposed that a word used in a certain
sense in the original Act was used in a different sense in the
subsequent one.   The track, then, outside of which the defend-
ant is not to repair, but inside of which it is to repair under
the Act of 1866, being defined by the Act of 1861, itself deter-
mines the rails bounding the space between which the defend-

ant is to repair.   They are the two rails along which the cars run.   In fact, both terms, " rails " and " track," are separately defined in the Act of 1861, and the definitions mutually support and illustrate each other.

As the question is clear upon the statutes having to do with it, we do not find it necessary to advert to the considerations of justice or convenience that may bear, or which may be supposed to bear upon it, nor to the learned, nor the popular meaning of the words whose meaning we have considered.

Judgment reversed and new trial ordered.

Neither Mr. Justice RHODES nor Mr. Justice SANDERSON expressed any opinion.