CITY OF BOSTON *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    March 7, 1904. — June 24, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Street Railway.    Way,* Repair of highway.    *Boston Elevated Railway Company.
Words,* "Tracks."

In §§ 32, 33 of Pub. Sts. c. 113, requiring street railway companies to keep cer-
tain portions of highways in repair, which are still in force as to the Boston
Elevated Railway Company, (R. L. c. 112, § 1,) the phrase "occupied by its
tracks" means the rails and the space between them over which the cars pass
and does not include the space occupied beneath the surface by the sleepers
supporting the rails.

MORTON, J.    This is an action to recover of the defendant
the amount of a judgment obtained by one Findlay against the
plaintiff for a defect in Eliot Street, a public highway in Boston,
caused by a depression in the pavement between the two tracks
of the defendant company outside the rails of the northerly
track but within a line drawn parallel with the ends of the
sleepers upon which said rails rested.    The rails were laid
on wooden beams which rested on sleepers embedded in the
street.    The ties extended outside the rails on each side from
eight and one half to ten inches.    Eliot Street in the vicinity of
the accident was paved from curb to curb with granite blocks.

The case was submitted on agreed facts.    Judgment was
ordered for the defendant and the plaintiff appealed.

The question is what is meant by the phrase "occupied by
its tracks" in §§ 32, 33 of Pub. Sts. c. 113, which are still in
force against the defendant company.    R. L. c. 112, § 1.    The
plaintiff contends that it means so much of the surface of the
street as lies within lines drawn parallel to the outer ends of
the sleepers on which the rails rest.    But we think that it means
the rails and the space between them on and over which the
cars pass.    The provision relates to the surface of the streets,
not to what is under the surface, and when considered with
reference to the surface of the streets we think that it is obvious
that this is what the phrase must mean.    This is the construc-

tion which for many years the parties have put upon the statute, and it accords more nearly with the use of the word "tracks" in various provisions of the statutes, such as those relating to the removal of snow, and the use of them, than the construction contended for by the plaintiff. The construction contended for by the plaintiff would make the provision with regard to the repair of unpaved streets eighteen inches on each side the track meaningless and unnecessary.

*Judgment affirmed.*

*S. M. Child*, for the plaintiff.
*A. P. Stone*, for the defendant.