[Civ. No. 1735. First Appellate District.—January 11, 1916.]

RANSOME-CRUMMEY COMPANY, Appellant, v. MARY E. WOODHAMS, Respondent.

STREET LAW—IMPROVEMENTS IN TOWN OF SANTA CLARA—REPEAL OF CHARTER PROVISIONS — CONSTITUTIONAL LAW.—The provisions of section 13 et seq. of the act entitled, "An Act to Reincorporate the town of Santa Clara" (Stats. 1872, p. 251), relating to street improvements therein, and which authorized contracts to be entered into in advance of the levy and collection of the assessment, were repealed upon the adoption of section 19 of article XI of the constitution, notwithstanding such section in terms only specifies cities as coming within its provisions, and not towns.

ID.—STATUTORY CONSTRUCTION—WORD GIVEN PARTICULAR MEANING.— When a word or phrase has been given a particular scope or meaning in one part or portion of a law, it is to be given the same scope and meaning in other parts or portions of the law and particularly of the same section thereof.

ID.—GENERAL LAWS APPLICABLE TO STREET IMPROVEMENTS.—The adoption of such constitutional provision had the effect of not only repealing that portion of the charter of the town of Santa Clara as permitted street improvements to be completed before the assess-

ments had been levied and collected, but of repealing the entire
charter provision applicable to street improvements, and of rele-
gating the town to the general laws as to its source of authority and
procedure in the improvement of its public streets

APPEAL from a judgment of the Superior Court of Santa
Clara County, and from an order denying a new trial.   J. R.
Welch, Judge.

The facts are stated in the opinion of the court.

R. M. F. Soto, for Appellant.

Rogers, Bloomingdale & Free, for Respondent.

THE COURT.—This in an appeal by the plaintiff from a
judgment in defendant's favor and from an order denying a
new trial.

The action was brought to obtain a judgment declaring that
the plaintiff has a lien upon a certain lot of the defendant in
the town of Santa Clara for street work done by plaintiff un-
der the provisions of the so-called Improvement Act of 1911
(Stats. 1911, p. 730).   The answer of the defendant presents
as the principal proposition in the case the question as to
whether the matter of street improvement in the town of
Santa Clara is governed by the provisions of the general stat-
utes upon the subject, or by the provisions of the special char-
ter of the town of Santa Clara.

The essential facts of the case are these: The town of Santa
Clara received its present charter in 1872 under a special act
of reincorporation entitled "An Act to Reincorporate the
town of Santa Clara" (Stats. 1871–72, p. 251).   Section 13
et seq. of said act provides a complete scheme for the improve-
ment of the public streets of the town, one of the distinctive
features of which as applicable to the case at bar is the pro-
vision that the work of the particular street improvement
shall be contracted for, proceeded with, and completed, and
the actual cost of the same to each lot owner as thus ascer-
tained shall be certified by the surveyor and town marshal to
the board of trustees of the town, who shall thereupon make
the assessment and apportionment of the actual cost thereof
to the several abutting owners, which shall constitute liens
upon their respective holdings.   In the year 1879 the present

state constitution was adopted. By section 19 of article XI of said constitution it was provided that "No public work or improvement of any description whatsoever shall be done or made, in any city, in, upon or about the streets thereof, or otherwise, the cost and expense of which is chargeable or may be assessed upon private property by special assessment, unless an estimate of such cost and expense shall be made, and an assessment, in proportion to benefits, on the property to be affected or benefited, shall be levied, collected, and paid into the city treasury before such work or improvements shall be commenced, or any contract for letting or doing the same authorized or performed." It was further provided by section 1 of article XXII of the constitution that "The provisions of all laws which are inconsistent with this constitution shall cease upon the adoption thereof." That the effect of these two provisions of the state constitution was the abrogation of the provisions of all general laws and all special charters which were inconsistent with the terms of section 19 of article XI of the constitution, and which came within the provisions thereof, there can no longer remain an open question. (*McDonald* v. *Patterson,* 54 Cal. 245; *Donahue* v. *Graham,* 61 Cal. 276; *Thomason* v. *Ruggles,* 69 Cal. 465, [11 Pac. 20]; *Oakland Paving Co.* v. *Hilton,* 69 Cal. 479, [11 Pac. 3]; *Thomason* v. *Ashworth,* 73 Cal. 73, [14 Pac. 615].) It is contended, however, by the respondent herein that the provisions of the charter of the town of Santa Clara do not come within the terms of section 19 of article XI of the constitution, and were not therefore repealed or abrogated by it, for the reason that the application of the provisions of said section of the constitution is expressly limited to "cities," and may not be extended to apply to "towns," and hence cannot affect the town of Santa Clara. It is very plausibly and persuasively argued by counsel for the respondent that the distinction between "cities" and "towns" is one which has been recognized from almost the inception of our state history; that in recognition of this distinction the legislature of 1850 passed two statutes—one providing for the creation and legal existence of cities [Stats. 1850, p. 87], and the other for the incorporation of towns [Stats. 1850, p. 128]; that most of the municipalities of the state which were in existence in 1879 were originally incorporated under one or the other of these two acts; that Santa Clara was incorporated in 1852 as a

"town" under the act of 1850, which provided for the incorporation of towns, and was reincorporated as a town in 1865 and again in 1872; that the state constitution of 1879, adopted in the presence of these actual conditions, repeatedly recognized and expressly maintained this distinction by numerous provisions wherein the term "city" and "town" were both employed when it was the purpose and intent of its framers to make its several provisions applicable to both; and hence that it must be concluded that when the framers of the constitution used only the word "city" in section 19 of article XI of the constitution in relation to street improvements, they intended that the provisions of that section should be limited to "cities" and should not be held to include "towns." It is also urged by the respondent that the term "cities" is a term more narrow and restricted in its meaning and application than "towns," and is always used with reference to the larger and more populous and important centers than the latter phrase, and hence must be intended by the constitution makers to be given this restricted meaning in the particular section under review.

While this train of logic is, as we have seen, persuasive in its reasoning, it has standing in the way of its adoption an obstacle which we have not been able to surmount. Section 19 of article XI of the constitution as originally adopted was two-fold as to its subject matter. The first portion of the section was that above set forth, and which, it may be incidentally stated, was eliminated from it by an amendment of the section in 1884. The second part of the section referred to the unrelated subject of the right of persons or companies supplying water or artificial light to a "city" to use the streets thereof under certain general regulations and without the requirement of a franchise from the municipality. In the case of *People* v. *Stephens,* 62 Cal. 209, this portion of section 19 of article XI of the constitution was the subject of construction, with special reference to the scope and meaning to be given to the word "city"; and the court there held that the word "city" as employed therein was intended by the framers of the constitution to include "town" within its meaning. At the time of this decision the section was in its original form. In the later case of *Pereria* v. *Wallace,* 129 Cal. 397, [62 Pac. 61], the case of *People* v. *Stephens* was referred to with approval. It is a well-established rule of con-

struction that when a word or phrase has been given a particular scope or meaning in one part or portion of a law it shall be given the same scope and meaning in other parts or portions of the law, and particularly of the same section thereof. (2 Sutherland on Statutory Construction, 2d ed., 758, and cases cited). We feel ourselves constrained by this rule of interpretation and by the foregoing cases to hold that the word "city" as used in the particular portion of the section under review in this case also embraced "town" within its scope and meaning, and hence was applicable to the town of Santa Clara, and operated to repeal those sections of its charter upon the subject of street improvements which were inconsistent with its terms.

It is earnestly insisted by the respondent, however, that this effect should not be given to the section of the constitution under review, for the reason that repeals by implication are not favored by the courts, citing many authorities to sustain this contention. There is no room or need for quarrel with the legal principle involved in those cases, but the difficulty is in its application to the instant case, for if the word "city" in section 19 of article XI of the constitution is to be construed as including "town" within its meaning, then the section must be given the same intendment and application as though the word "town" had been expressly used; and so construed there can be no question but that the portion of the section in question here is so utterly at variance with the provisions of the charter of the town of Santa Clara upon the same subject as to work the abrogation of the latter, even though the constitution had not elsewhere provided that "The provisions of all laws which are inconsistent with this constitution shall cease upon the adoption thereof" (Const., art. XXII, sec. 1).

It is further contended by the respondent that even though it should be held that section 19 of article XI of the constitution as it stood before its amendment applied to the town of Santa Clara, and operated to repeal such portions thereof as were obnoxious to it, still this would not require the repeal of the entire provision of its town charter applicable to street improvements so as to permit or require such work to be done under the general laws. It is suggested that an excision might be made of that portion only of the town charter as permitted the improvement to be completed before the assess-

ments had been levied and collected with which to make it; but our examination of the provisions of the town charter in the light of the constitutional requirement has satisfied us that the two methods of providing the means of street improvement in the town of Santa Clara are so radically at opposites that no such excision would be practicable. In our opinion the effect of the constitutional provision was to relegate the town of Santa Clara to the general laws as to its source of authority and procedure in the improvement of its public streets.

It is conceded by the respondent that if the constitutional provision under consideration was effective to work an abrogation of the provisions of the town charter upon the subject in so far as they were inconsistent with it, the repeal of that portion of the section of the constitution which was accomplished in the year 1884 did not operate to revive the charter provisions. The cases of *Byrne* v. *Drain,* 127 Cal. 663, [60 Pac. 433], and *Ex parte Helm,* 143 Cal. 553, [77 Pac. 453], are to be distinguished from the case at bar, since the only effect of these cases was to hold that the provisions of town charters relating to municipal affairs which were subject to the control of general laws under the constitution as adopted in 1879 were to be revived when that control was removed by the amendment of section 6 of article XI of the constitution in 1896. In the case at bar the provisions of the town charter relating to street improvements "ceased" upon the adoption of the section of the constitution above quoted which was inconsistent with them, and would not be called back into being by the elimination of the constitutional provision with which they had been at variance, in the absence of express words of revivor.

By the findings of the trial court in this case all of the allegations of the complaint were specifically found to be true with the exception of subdivision c of paragraph V of said complaint, which has reference to the manner of the recordation of the warrant, assessment, and certificate of the town engineer, and the filing of the diagram as required by the provisions of section 23 of the Street Improvement Act of 1911. The court finds that the said instruments "were recorded in the office of the street commissioner of the town of Santa Clara in the following manner, namely, that copies of the warrant, assessment and certificate of the town engineer,

together with the diagram mentioned and referred to in paragraph V of the complaint, were attached together between covers by said street commissioner, and deposited by him in his office on the seventh day of February, 1912, and thereafter kept by him on deposit in his said office; that said warrant, assessment, and diagram, together with the certificate of said town engineer, were delivered to the plaintiff on. the seventh day of February, 1912, and after the recordation thereof as above set forth." If this finding is to be construed as a finding that on the seventh day of February, 1912, the original warrant, assessment, and certificate were presented to the street commissioner for proper recordation, and said diagram for filing in his said office, and that thereupon said warrant, assessment, and certificate of the town engineer were then and there placed in the custody and possession of the street commissioner for such purpose, and that these copies of those original documents were then and thereafter retained by him as a part of the permanent records and files of his office, and there remained as such, and subject to the inspection of all persons who were or might become interested in the property to which the lien to be created by the proper recordation of these documents was to attach, then we are of the opinion that a liberal construction of the terms of the section of the act in question would justify the conclusion that the finding of the court as so construed shows a substantial compliance with the requirements of the statute. (*S. M. Bernard Co.* v. *Los Angeles,* 18 Cal. App. 626, [124 Pac. 88] ; *Hager* v. *Melton,* 66 W. Va. 62, [66 S. E. 13].) In view, however, of the uncertainty of this finding, and of the fact that the respondent has had no opportunity on appeal to assail the sufficiency thereof, or of the facts upon which it was predicated, as constituting a compliance with the section of the act under review, we are disposed to disregard the suggestion of the appellant that it is entitled to judgment in its favor upon the findings, and to return the case for a new trial.

Judgment and order reversed, and cause remanded for a new trial.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 9, 1916.