[Civ. No. 2016. First Appellate District.—June 11, 1918.]

JOHN W. McCARTHY, Appellant, v. BOARD OF FIRE COMMISSIONERS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

STATUTORY CONSTRUCTION — DIFFERENT LANGUAGE — PRESUMPTION. — When different language is used in the same connection in different parts of a statute, it is presumed the legislature intended a different meaning and effect.

ID.—REPEATED USE OF PHRASE—PRESUMPTION.—A word or phrase repeatedly used in a statute will be presumed to bear the same meaning throughout the statute, unless there is something to show that another meaning is intended.

MUNICIPAL CORPORATIONS — SAN FRANCISCO BOARD OF FIRE COMMISSIONERS AND SECRETARY—CIVIL SERVICE.—Under the charter of the city and county of San Francisco, the words "fire department" as employed in the civil service section of the charter are not intended to embrace the board of fire commissioners nor the secretary thereof, and therefore such secretary does not come under the protection of section 12 of article XIII providing that no person employed in the classified civil service shall be removed or discharged, except for cause, upon written charges and after an opportunity to be heard in his own defense.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Paul A. McCarthy, for Appellant.

George Lull, City Attorney, and Maurice T. Dooling, Jr., Assistant City Attorney, for Respondents.

BEASLY, J., *pro tem.*—The plaintiff, John W. McCarthy, petitioned the superior court for a writ of mandate to compel the board of fire commissioners of the city and county of San Francisco to reinstate him as their secretary. On February 3, 1910, he was such secretary, and on that day the board passed a resolution removing him. The superior court denied the writ, and he appeals.

In supporting his claim for a reversal of the judgment McCarthy contends that the secretary of the board of fire commissioners is within the classified civil service provisions of the charter of the city and county of San Francisco, and consequently comes under the protection of section 12 of article XIII thereof (Stats. 1899, p. 241), providing that no person employed in the classified civil service shall be removed or discharged except for cause upon written charges and after an opportunity to be heard in his own defense.

The board in appointing McCarthy went through the form of complying with the civil service rules, and undoubtedly at the time of his appointment considered their secretary to be within the classified list. No charges were made against him when he was dismissed and he had no trial.

The respondents argue that the office of secretary in question is not within the classified list, and that even if it were, McCarthy was not eligible to the position when appointed, as he was then over thirty-five years of age, which is the limit age prescribed by section 6, chapter 1, article IX, of the charter, as it stood at the time of McCarthy's appointment, for all persons appointed to positions in the department. We are inclined to think both these positions of respondents to be well taken.

Without enumerating all the city functionaries to whom the civil service provisions of the charter apply, it may be said that at the time McCarthy was discharged, and until March 28, 1913, section 11 of article XIII provided that the civil service provisions should apply to the fire department and numerous other positions and officials. What officers should be included within the meaning of the term "fire depart-

ment" was not specified in that section, and we are left to a critical examination of the language of the charter to ascertain what is meant thereby, and specifically whether the secretary of the board of fire commissioners is to be considered as included within the term, and so whether the secretary was a member of the fire department within the meaning of the civil service provisions of the charter.

Perhaps this question can be best understood by a comparison between the provisions of the charter in relation to the police department and the fire department. While the police department is specified to consist of a board of police commissioners, a chief of police, a police force, and such other clerks and employees as shall be necessary to carry into effect the provisions of the article providing for the policing of the city (Charter, sec. 1, ch. 1, art. VIII), the fire department is not specified to *consist* of all corresponding persons engaged in the protection of the city from fire, but rather to be *under the management of the board of fire commissioners* (sec. 1, ch. 1, art. IX).

When different language is used in the same connection in different parts of a statute it is presumed the legislature intended a different meaning and effect. (Black on Interpretation of Laws, 2d ed., p. 145.) As it is clear that under the language above quoted in relation to the police department the secretary of the department would be a member of the police department, so if we apply this cardinal rule of statutory construction to the different language employed by the charter framers in dealing with the two departments, it must be held that while the commissioners, for instance, of the police department are members of that department, the board of fire commissioners are not members of the fire department. The legislature must be presumed to know the meaning of language; and when one set of words is used in one section and another in another section, the presumption is that the legislature intended to convey a different meaning if the two sets of words ordinarily have different meanings. (*Lehman, Durr & Co. v. Robinson,* 59 Ala. 219.) And it has similarly been held that a change of legislative purpose is to be presumed from a material change in the wording of a statute. (*Hasely v. Ensley,* 40 Ind. App. 598, [82 N. E. 809]; *Rich v. Keyser,* 54 Pa. St. 86, 89; *Thomas v. Joplin,* 14 Cal. App. 662, [112 Pac. 729].) This rule is applicable likewise to material

changes between the language used in different sections of the same statute.

It would seem plain from this that the words "fire department," as employed in the civil service section of the charter, are not intended to embrace the board of fire commissioners nor the secretary thereof.

Again, the officers and members of the fire department are enumerated in section 1, chapter 8, article IX, of the charter for the purpose of fixing salaries; and the secretary is not enumerated among them.

It is further provided by section 2 of chapter 3 of article IX that the chief engineer may suspend any subordinate officer, member, or employee of the department. It is plain that this does not refer to the secretary. And in section 2 of chapter 8 of the same article is a provision for vacations of officers and members of the fire department, in which it is provided that during each year of his service a vacation of not less than fifteen days duration, and also leaves of absence of not less than twenty-four hours duration not less times than once in each week, shall be due each officer and member of the fire department without loss of pay. Certainly it will not be contended that the words "officers and members of the fire department," as used in the last section referred to, were intended to include the secretary.

It is a familiar principle of the construction of statutes that a word or phrase repeatedly used in the statute will be presumed to bear the same meaning throughout the statute unless there is something to show that another meaning is intended. (McClain v. Hutton, 131 Cal. 143, [61 Pac. 273, 63 Pac. 182, 622]; Robbins v. Omnibus Railroad, 32 Cal. 472, 474; Ransome-Crummey Co. v. Woodhams, 29 Cal. App. 356, 361, [156 Pac. 62].) There is nothing here to show that a different meaning was intended by the use of the words "the fire department" or "officers and members of the fire department" in the section referring to salaries and vacations, than the meaning intended to be affixed to this language in section 11 of article XIII providing for the civil service.

The proposition that the secretary is not a member of the fire department is further supported by the decision of the supreme court in the case of Maxwell v. Fire Commissioners, 139 Cal. 229, [72 Pac. 996], in which the former clerk of the board sought to be retained as secretary of the new board of

fire commissioners as organized under the present charter. The court there said: "The position of clerk as prescribed in the law of 1878 is not in terms at least contained in the new charter. By the old law, as shown, the clerk was required to be one of the members and employees of said fire department. No such qualification is required by the new charter in regard to the secretary. It simply declares that the board may appoint a secretary who shall perform such duties as the board may prescribe. It cannot be said, therefore, that the secretary of the board under the new charter is the same office or place as the clerk mentioned under the old law. Chapter 8 of article IX of the charter provides that 'the officers and members of the fire department shall receive annual salaries as follows,' and then enumerates the different classes of officers and members but does not mention the secretary of the board, nor any 'clerk' of the fire department. It is a fair inference that the direction in chapter 2 that in reorganizing the force the department shall make its appointments of 'officers and members' from the force in service when the charter took effect, applies only to the 'officers and members' whose salaries are fixed in chapter 8, and, as the secretary is not one of those enumerated, it would follow that the board is not required to select him from the members of the old fire department. From the foregoing, and from the nature of the office and the necessity for the greatest degree of confidence between the incumbent and the board, it would seem that it was the intention of the framers of the charter that the appointment of the secretary should be left to the discretion of the board."

Aside from this, as stated by counsel for the respondents in their brief, if the foregoing construction of the charter provision is incorrect, and if it should be conceded that McCarthy was, as secretary, an officer and member of the fire department, and, therefore, within the civil service provisions of the charter, he still must fail to establish his position here, because of the fact, found by the trial court, that at the time of his appointment to the position of secretary of the board of fire commissioners he was above the age of thirty-five years, and therefore not eligible to a position in the department. Section 6, chapter 1, article IX, provides that all persons appointed to positions in the fire department must be not less than twenty-one nor more than thirty-five years of age. That provision of the charter is plain and unambiguous. It formed

a part of the present charter of the city and county of San Francisco when that instrument was first adopted, was in full force at the time of McCarthy's election to the position of secretary to the board and at the time he was discharged therefrom, and remained in that form until it was changed by an amendment adopted by the people on November 15, 1910, approved by the legislature on the 17th of February, 1911. (Stats. 1911, p. 1661.)

So that, taking either view of the plaintiff's case, whether McCarthy be considered as a member of the fire department, and so subject to the civil service sections of the charter, or whether he be considered as not within the meaning of those sections, he was still in a position where the board of fire commissioners had a right to discharge him, and he cannot be reinstated by the courts.

The judgment is affirmed.

Kerrigan, J., and Zook, J., *pro tem.*, concurred.