VILLAGE OF GRANDVILLE v. GRAND RAPIDS, HOLLAND, & CHICAGO RAILWAY.

1. STREET RAILWAYS—FRANCHISE—OBLIGATION TO PAVE—CONSTITUTIONAL LAW.

Where a street railway company accepted from a village a franchise requiring it to pave the space between its tracks whenever the rest of the street was paved, it may not evade its obligation to pave by the fact that 16 feet of said street was taken over and paved by the county road commission under Act No. 356, Pub. Acts 1917; the village still retaining the right to improve, care for, and maintain the rest of the street, and the Constitution (Art. 8, § 28) prohibiting the use of village streets by the tracks of a street railway without the consent of the village authorities.

2. SAME—FORFEITURE OF FRANCHISE—FINANCIAL INABILITY TO PAVE DOES NOT RELIEVE FROM FORFEITURE.

Financial inability of a street railway company to perform its obligation to pave between its tracks does not relieve it of such duty or prevent a forfeiture of its franchise.

3. SAME—FORFEITURE NOT EXCUSED BECAUSE FAILURE NOT WILFUL.

Neither may the contract obligation to pave be qualified,

by way of excusing performance, by the fact that failure to perform was not wilful.

4. SAME—EQUITY WILL GRANT FORFEITURE WHERE AGREED TO IN FRANCHISE.

Although equity dislikes to adjudge a forfeiture, and as a rule will do so only when no other adequate remedy is at hand, where a village and a street railway company by lawful contract expressly provided for a forfeiture of the franchise if the company failed to pave the space between its tracks, equity will grant what they have agreed to.

5. SAME—FORFEITURE MAY BE ENFORCED TO DETRIMENT OF OTHER MUNICIPALITIES WHERE AGREED TO.

A village may enforce a forfeiture of the franchise of a street railway company for failure to pave between its tracks according to its terms, although other municipalities along the line be thereby detrimentally affected, and the public duties of the company as a common carrier be interfered with.

6. SAME—OBLIGATION FIXED BY DOUBLE TRACKS AT TIME OF PAVING.

Although, under its charter, a street railway company could lay either single or double tracks, and, therefore, could take up double tracks and establish a single track, yet, where its obligation to pave was fixed by existing double tracks at the time the village paved the street, it could not thereafter take up its double tracks and establish a single track for the purpose of evading part of its obligation.

7. SAME — LIABILITY LIMITED BY FRANCHISE TO PAVE ONLY BETWEEN RAILS.

A provision in a franchise requiring a street railway company to "pave the space between the rails of said track" limits the liability of the grantee to the space between the rails and does not include paving between the double tracks nor to the ends of the ties.

Appeal from Kent; Perkins (Willis B.), J.    Submitted October 25, 1923.    (Docket No. 156.)    Decided December 19, 1923.

Bill by the village of Grandville against the Grand

Rapids, Holland & Chicago Railway and others to enforce a forfeiture of a franchise.   From a decree for plaintiff, defendants appeal.   Modified and affirmed.

*J. T. & T. F. McAllister*, for plaintiff.

*Justin R. Whiting* (*Stuart E. Knappen* and *Benjamin Kleinstiver*, of counsel), for defendants.

WIEST, C. J.   In 1900, the village of Grandville, by ordinance, granted a 30-year franchise to the Grand Rapids, Holland & Lake Michigan Rapid Railway, its successors and assigns, "to construct, maintain, own, use and operate a single or double track street railway, * * * upon * * * State street," upon the following, among other terms and conditions:

"In case any street or avenue upon which said track is laid, shall be paved by said village, the grantee, its successors and assigns, shall contemporaneously at their own expense pave the space between the rails of said track with the same material and in accordance with the plans and specifications adopted by said village for paving the remainder of such streets or avenues. * * *

"This ordinance may be declared null and void and the rights and privileges hereby granted forfeited, in case said grantee, its successors and assigns, shall refuse or neglect to perform the conditions herein specified on its part to be performed."

This franchise was duly accepted by the grantee. Under the franchise double tracks were established and still exist in State street through the village. State street is the business street of the village.

August 27, 1918, the Kent county road commission, by resolution, took over for a county road, in the creation of a trunk line system, State street in the village of Grandville, and consent thereto was given by the village council the next day.   Under the

statute, no funds could be expended by the county road commission for paving State street to a greater width than 16 feet (Act No. 356, Pub. Acts 1917 [Comp. Laws Supp. 1922, § 4364]). Knowing this, and desiring to have State street paved to a width of 42 feet between curbs in the business district, the village council by resolution engaged the county road commission to put in the pavement outside of the 16 feet constructed by the county, and this was done at a cost of $11,372.01 to the village. The act of 1917 left for the village to pave State street "outside the portion thereof constructed by the county and by the addition of gutters, curbs, sidewalks, and other improvements and to provide for the care and maintenance of such improvements and to levy and collect taxes for the same." After the pavement was put in by the county and village the village authorities requested that the pavement between the rails be placed in accordance with the franchise. This was not done and a proceeding, by mandamus, was commenced by the village, and later this suit was brought to declare and enforce a forfeiture of the franchise. In the circuit, on December 12, 1922, the failure and neglect of defendant to comply with the franchise obligation to pave was adjudged and forfeiture of the franchise decreed and defendants enjoined from maintaining the tracks and operating cars, unless the pavement was placed on or before June 1, 1923. No pavement has been put in by defendants. Defendants have brought the case here by appeal, and the issues presented will be mentioned in the course of the opinion.

The interurban railway runs from Grand Rapids, through the village of Grandville and other municipalities, to Saugatuck. The Grand Rapids, Holland & Chicago Railway is the holder of the franchise by transfer from the grantee. The Michigan Railway Company operated the railway for a time under lease.

The Michigan Railroad Company now operates the railway under lease. The Commonwealth Power, Railway & Light Company has been dropped from the case.

It is contended:

"The village cannot now enforce the paving clause of the franchise because it has turned State street over to the Kent county road commission, and having relinquished control thereof, under the statute, as a matter of law has no jurisdiction over it, and now has no standing in this court with respect to the enforcement thereof or to declare a forfeiture for the cause asserted."

It is true, the act of 1917 gives the board of county road commissioners sole and exclusive jurisdiction and control of a road or street taken over and relieves the municipality from all responsibility therefor. But this must be taken in connection with the limitation of the width to be improved and the retention by the village of the right to improve, care for and maintain the rest of the street. Beyond this, however, the Constitution, art. 8, § 28, prohibits the use of the streets of a village by the tracks of a street railway, without the consent of the duly constituted authorities of the village, and provides:

"The right of all cities, villages and townships to the reasonable control of their streets, alleys and public places is hereby reserved to such cities, villages and townships."

The plan adopted and executed by the county road commission did not touch the part of the street occupied by the railway, but put down two strips of pavement eight feet wide each side of the double tracks and 18 inches away from the outside rails. The village did not relinquish to the county the whole of State street, and if it had done so it would have amounted to no more than authority for the county to pave 16 feet in width thereof. Suppose there was

no franchise and defendants wanted one, would they apply to the board of county road commissioners to grant it in the face of the provision in the Constitution to the contrary? Certainly not. Rights and obligations under the franchise continue unaffected by any action under the county road or trunk line system. The provision in the Constitution with reference to the construction, improvement and maintenance of highways, art. 8, § 26, as amended in 1917, does not in any way conflict with other provisions therein relating to the use of streets by public utilities and reserving to municipalities reasonable control of their streets.

If the paving between the rails is not put in place by the grantee in the franchise, where will fall the duty to put it in? Not on the county road commission, for it could not, under the then State reward law, pave more than it did. It would fall to the village and we would have the village doing the very paving the grantee in the franchise contracted with the village to do. But it is said the provision in the franchise requiring the grantee to pave between the rails does not apply and cannot be enforced because the paving was done by the county of Kent and not by the village. Right here the grantee attempts to invoke the very letter of the obligation and insists that if we look to the letter only the call to pave has not come and could not come unless and until the street has been paved by the village. The village has paved six feet in width of the street on each side thereof from the curb to the pavement put in by the county road commission. This called upon the grantee in the franchise to perform its contract to pave. It would be employing the words in the contract in too restrictive a sense to hold otherwise. The village was no stranger to the pavement put in. The street is paved outside of the rail-

way and the contract obligation cannot be evaded because the village did not pave all. A salutary rule of law permits the contract to be viewed and understood in the light of the circumstances under which it was made and the objects intended to be effectuated thereby. Future paving of the street was expressly provided for in the franchise and the grantee's portion allotted and accepted. The purpose of the village to have the street paved has been in part accomplished and it only remains for the grantee of the franchise to perform its contract obligation. Just how the grantee has been harmed in having the pavement put down in part at the expense of the county, and State reward assistance extended the county, is not apparent. It is a far cry to plaint taxation, and the wail thereof does not sound a hurt sufficient to excuse defendants from the franchise obligation.

The grantee of the franchise pleads financial inability to perform the obligation to pave, alleges, therefore, the failure to pave was not wilful and no forfeiture should be decreed. In disposing of this we need quote but a few lines from the opinion in *Union Street R. Co.* v. *Saginaw Circuit Judge*, 113 Mich. 694:

"Can one party to a contract be relieved from its performance because he is unable to perform, and the other still be bound? To so hold would be to introduce a new element in determining contractual rights. The universal rule is that he who fails to perform, from whatever cause, must suffer the consequences which he has agreed to suffer. Corporations form no exceptions to the rule."

Neither can the contract obligation to pave be qualified, by way of excusing performance, if the failure to perform was not wilful. It is true equity dislikes to adjudge a forfeiture and as a rule will do so only when no other adequate remedy is at hand, but

225—Mich.—38.

where parties have, by lawful contract, expressly provided for a forfeiture, equity is not squeamish about granting what they have agreed to. We are dealing here with a condition subsequent; an obligation assumed by the grantee, and an express agreement that failure to perform should occasion loss of the franchise. We need spend no time upon the leases emanating from the holder of the franchise if the decree provides that the grantee put in the pavement and in default thereof the franchise rights be ended. This will sufficiently include all parties claiming rights under the holder of the franchise.

We are asked this question:

"Can the village enforce a forfeiture of the franchise to the detriment of other municipalities and communities along the railway line, and thereby interfere with the public duties of the railway as a common carrier, the section of the railway line here in question being part of a through route or line and not purely local?"

We answer, yes; and we base our answer on the provisions of the franchise. The railway could not be constructed through the village without a franchise, neither can it be operated through the village under the terms of the franchise and the railway reap the benefit without meeting its plain obligation. Solicitude for the patrons of the railway, coming from the holder of the franchise and the lessees, is too intimately linked with a desire to have the benefit of the franchise without meeting the obligations thereof, to stay plaintiff's right to relief.

This brings us to the question of the part of the street to be paved by the grantee of the franchise. We must consider the rights and obligations of the parties under conditions as they existed when the village and county paved. Under the franchise double tracks could be laid through the village and were laid and now exist, and the obligation of the holder of the

franchise must be determined with reference to such double tracks.  We may concede the right of the railway to take up the double tracks and establish a single track without violating the franchise, as was held in *Hestonville, etc., R. Co.* v. *City of Philadelphia,* 89 Pa. St. 210, but it may not now, after its obligation to pave has been fixed by existing double tracks, change its tracks and thereby remit a portion of the contract obligation.  As we understand the decree entered in the circuit, it determined the obligation to pave to extend not only between the rails but as well the space between the tracks and for 18 inches beyond the outside rail of each track.  Must the holder of the franchise pave the space between the double tracks commonly known as "the devil's strip," and for 18 inches outside of the double tracks?

In *Robbins* v. *Railroad Co.,* 32 Cal. 472, it was held the company was not required to keep the strip between the double tracks in repair under an obligation to "keep the space between the rails in thorough repair * * * but shall not be required to pave, plank, or macadamize any portion of the street outside of the track of such road."  There the obligation, as expressed in the affirmative, was like the obligation here, but it was followed there by a negative specifically limiting the portion of the street to be paved by the company.  Shall the "space between the rails of said track" be considered as inclusive of all between the two outer rails of the double tracks or only between the rails of each track?  There is nothing ambiguous about the language employed in the franchise.  If the duty to pave goes to the ends of the ties, then, there being double tracks, the space between the tracks would be included.  *Mayor, etc., of New York* v. *Railroad Co.,* 102 N. Y. 572 (7 N. E. 905, 55 Am. Rep. 839).

In *City of Boston* v. *Railway Co.,* 186 Mass. 274 (71 N. E. 295), the phrase "occupied by its tracks" was

held to mean the rails and the space between them on and over which the cars pass, and did not require the company to pave the outer ends of the sleepers on which the rails rested. We must take the language of the franchise in determining the space to be paved by the grantee. We are of opinion that the provision requiring the grantee to "pave the space between the rails of said track" limits the liability of the grantee to the space between the rails and does not include paving between the. double tracks nor to the ends of the ties.

The decree entered in the circuit must be modified with reference to the part of the street to be paved by the grantee, and the period within which it shall be paved. A decree will be entered here affirming the decree below, with modification thereof, requiring the holder of the franchise to pave between the rails of its tracks in accordance with the franchise on or before the first day of May, 1924, and in default thereof all defendants to forfeit all rights under the franchise, and be enjoined from maintaining car tracks in the village and operating cars thereon. Plaintiff will recover costs against appealing defendants.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.