[L. A. No. 19881. In Bank. Oct. 1, 1946.]

PARKS STILLWELL, Petitioner, v. THE STATE BAR OF CALIFORNIA et al., Respondents.

Miller & Beck and Brown, Beery and Rognes for Petitioner.

McCutchen, Thomas, Mathew, Griffiths & Greene and Harold A. Black for Respondents.

SPENCE, J.—Petitioner's application to the Committee of Bar Examiners of The State Bar for certification to this court for admission and a license to practice law in this state, without examination, pursuant to the provisions of sections 6060 and 6060.5 of the Business and Professions Code was denied by the Committee of Bar Examiners of The State Bar for the sole reason that before entering the armed forces he took an examination for admission to the bar of another state. In this

proceeding petitioner seeks an order that he be admitted, without examination, to membership in The State Bar and to practice law in the courts of the State of California.

The facts are not in dispute. Petitioner was graduated from the Law School of Washington University, St. Louis, Missouri, on June 10, 1941, being awarded an LL.B. degree. Washington University is accredited by the examining committee of The State Bar of California. Thereafter, petitioner took and passed the State of Missouri bar examination and was admitted to practice before the courts of that state by the Supreme Court of Missouri on August 9, 1941. On or about July 21, 1942, petitioner took up residence in Los Angeles, California, and on November 5, 1943, entered the United States Marine Corps at Los Angeles. He received an honorable discharge from that service on July 8, 1946. He has never taken a California bar examination.

Prior to the enactment this year of section 6060.5 of the Business and Professions Code, it was necessary that an applicant for admission to practice law should comply with the provisions of section 6060 unless he could qualify as an out-of-state attorney with four years' practice under section 6062 of said code. The requirements of section 6060 remain in force, except as modified by section 6060.5, and the requirements of section 6060 are, among others, (1) that the applicant shall "Have passed a final bar examination given by the examining committee" of The State Bar (subd. h), and (2) that the applicant shall "Have been a bona fide resident of this State for at least three months immediately prior to the date of his final bar examination." (Subd. d.)

The recent 56th (1st extraordinary) Session of the Legislature of this state passed an act to add section 6060.5 to the Business and Professions Code, pertaining to the admission on motion, without examination, of certain classes of law school graduates. The proposed legislation was approved by the governor on March 2, 1946. It reads as follows:

"6060.5. The provisions of subdivisions (d) and (h) of Section 6060 do not apply to any person who, after September 16, 1940, and prior to the termination of hostilities between the United States and the nations with which the United States is now at war as determined by Act of Congress or Proclamation of the President, has graduated from a law school accredited by the examining board and who after such gradua-

tion served in the armed forces of the United States *before taking an examination for admission to the bar,* nor to any person who, after September 16, 1940 satisfactorily completed at least two years of study at a law school then accredited by the examining board and whose legal education was thereafter interrupted by his service in the armed forces of the United States, and who subsequently graduates from a law school accredited by the examining board. The provisions of this section shall not apply to any person who enters the armed forces of the United States after the effective date of this section, nor to any person who at the time of entering the armed forces was not a bona fide resident of this State.

''This section shall remain in effect until the ninety-first day after final adjournment of the Fifty-eighth Regular Session of the Legislature. While this section is in effect it shall supersede any existing provisions of law which are in conflict with this section; but such provisions are not repealed by this section and after this section is no longer effective shall have the same force as though this section had not been enacted.'' (Emphasis added.)

Owing to the limited duration of his practice, petitioner cannot comply with section 6062 of the Business and Professions Code providing for the admission of out-of-state attorneys. Therefore, in order to be admitted to practice law in this state he must qualify under sections 6060 and 6060.5. On May 20, 1946, petitioner believing that he did so qualify filed with respondent Committee of Bar Examiners an application for certification for admission on motion without examination. Such application was denied for the sole reason that petitioner ''took an examination for admission to the bar after graduation and before serving in the armed forces.'' Thereafter, petitioner requested a reconsideration of the committee's action and on August 15, 1946, the committee determined that its former action be sustained.

In response to an order to show cause, respondents take the position that the phrase ''examination for admission to the bar'' in section 6060.5 has no specific or sole reference to the California bar, but refers to an examination for admission to any bar. On the other hand petitioner argues that he is entitled to admission under the act, inasmuch as he did not, prior to entering the armed forces, take an examination for admission to the California bar. We find ourselves in accord

with petitioner's construction of section 6060.5, both as a result of the plain language of the section read in conjunction with section 6060, and as a result of a consideration of the purpose and object sought to be accomplished by enactment of the legislation.

■ Section 6060.5 is in effect but an amendment, of temporary duration, to section 6060, which deals in its entirety with qualifications for admission to the bar of this state, as does the whole of article 4, division 3, chapter 4 of the Business and Professions Code. The new section supersedes, but does not repeal, subdivisions (d) and (h) of section 6060 to the extent that there is a conflict. In other words the two pieces of legislation coexist, their application depending upon the individual circumstances of each particular applicant.

■ It may be presumed that the Legislature, in passing the amendatory legislation, had in mind the original act (see *Robbins* v. *Omnibus Ry. Co.*, 32 Cal. 472, 474; 1 Sutherland on Statutory Construction (3d ed.) § 1933), and it is a well-established rule of construction that when a word or phrase has been given a particular scope or meaning in one part or portion of a law it shall be given the same scope and meaning in other parts or portions of the law. (*Coleman* v. *City of Oakland*, 110 Cal.App. 715 [295 P. 59]; *Ransome-Crummey Co.* v. *Woodhams*, 29 Cal.App. 356 [156 P. 62].) ■ It seems plain that the context of the temporary amendatory legislation should be interpreted consistently with the original and permanent legislation. Thus under subdivision (h) of section 6060 an applicant must have taken and passed a California bar examination given by the examining committee, but under section 6060.5 if he served in the armed forces of the United States before taking the California bar examination, and otherwise qualifies under section 6060.5, subdivision (h) does not apply. Similarly, under subdivision (d) of section 6060, an applicant must have been a resident of this state for at least three months prior to the date of "his final bar examination" in this state, but, pursuant to section 6060.5, if he has not taken such an examination prior to entering the armed forces, he must instead have been a bona fide resident of this state at the time of entering the armed forces. If the Legislature did not have in mind any certain bar and did not intend that reference be made to the specific bar designated in section 6060, surely it would not have used the wording "the bar" in

the phrase "examination for admission to the bar," but would have chosen a more generic or indefinite term such as "a bar," "any bar," or "bar of any state."

Even if the meaning of the legislation were not plain we would arrive at the same result as above set forth by ascertaining the intent of the Legislature through the purpose and object sought to be accomplished. (*Gage* v. *Jordan,* 23 Cal.2d 794 [147 P.2d 387]; *California Drive-In Restaurant Assn.* v. *Clark,* 22 Cal.2d 287 [140 P.2d 657, 147 A.L.R. 1028]; *San Francisco* v. *San Mateo County,* 17 Cal.2d 814 [112 P.2d 595].)

■ Where language is susceptible of more than one meaning, it is the duty of the courts to accept that intended by the framers of the legislation, so far as its intention can be ascertained. (*Pacific Indemnity Co.* v. *Industrial Acc. Com.,* 215 Cal. 461 [11 P.2d 1, 82 A.L.R. 1170]; *San Francisco* v. *Industrial Acc. Com.,* 183 Cal. 273 [191 P. 26]; *Grannis* v. *Superior Court,* 146 Cal. 245, 247 [79 P. 891, 106 Am.St.Rep. 23].) ■ As hereinbefore mentioned, section 6060.5 was enacted during the recent 1946 extraordinary session of the Legislature, called by the governor for the stated purpose of consideration of matters affecting veterans. It is a part of a broad program in this state and as such should be liberally construed, insofar as reasonably possible, so as to effectuate its object. (*Department of Motor Vehicles,* v. *Industrial Acc. Com.,* 14 Cal.2d 189, 195 [93 P.2d 131]; *In re Haines,* 195 Cal. 605 [234 P. 883]; *Odell* v. *Rihn,* 19 Cal.App. 713, 719 [127 P. 802].)

■ The manifest purpose of section 6060.5 is to aid those residents of California, who, because of disturbed conditions and their service to their country during time of war, did not have the normal opportunity to take the examination for admission to the California bar at a time of their own choosing and within a reasonable time after graduation from law school. To require them now to take such an examination would be to impose a hardship that would not have been encountered except for such service. It seems clear that the members of the class intended to be benefited are the California veterans, that is, those who were bona fide residents of this state at the time of entering the armed forces. ■ The requirement that an applicant should have entered the armed forces before taking an examination for admission to the bar, would seem to be to eliminate from the benefits of the act those law school

graduates who had shown themselves, in examinations taken prior to the assumption of military duties, to be unqualified for the practice of law in this state. ▮ The Legislature might also, with some reason, have eliminated those who took examinations and failed to qualify elsewhere, but respondents' construction would penalize those residents of our state who industriously undertook and successfully passed examinations outside this state. Such construction would exclude from the class benefited many life-time California residents who attended law schools of eastern universities with the intention of returning to California to practice, provided that they happened to take the bar examinations of other states before returning to California. It does not cast a different light on the picture that petitioner and perhaps some others were not residents of California when they took examinations elsewhere. Petitioner had become such a resident at the time he entered the armed forces, as required by the act, and presumably his preparation for the taking of a California bar examination was thwarted. We are of the opinion that petitioner comes within the class intended to be benefited by section 6060.5 and that he is entitled to the relief demanded.

It is therefore ordered that petitioner be admitted to membership in The State Bar of California and to practice in the courts of this state upon the payment of the fees and the taking of the oath required by law.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.