OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

| | |
|---|---|
| OPINION : | |
| : | No. 90-305 |
| of : | |
| : | January 3, 1991 |
| JOHN K. VAN DE KAMP : | |
| Attorney General : | |
| : | |
| RONALD M. WEISKOPF : | |
| Deputy Attorney General : | |
| : | |

_____
_____


THE CALIFORNIA BUILDING STANDARDS COMMISSION has requested an opinion on the following question:

Does Health and Safety Code section 18941.5, subdivision (a), apply the building standards as they appear in the model codes that are named in that subdivision, or as they have been amended and appear in the California Building Standards Code, to all occupancies throughout the state?

CONCLUSION

Health and Safety Code section 18941.5, subdivision (a), applies the building standards of the model codes named in the subdivision as they have been amended and appear in the California Building Standards Code to all occupancies throughout the state.

ANALYSIS

The State Building Standards Code (Tit. 24, Cal. Code Regs.) is a composite of building standards of three different backgrounds: some have been adopted directly by state agencies without change from building standards contained in various model industry codes; some have been adapted from the model codes' standards to meet California conditions; and some constitute extensive additions to the model codes that have been adopted to address particular California concerns.

Section 18941, subdivision (a), of the Health and Safety Code[1] makes certain building standards applicable to all occupancies throughout California. The subdivision provides as follows:

"The building standards contained in the Uniform Fire Code of the International Conference of Building Officials and the Western Fire Chiefs Association, Inc., the Uniform Building Code of the International Conference of Building Officials, the Uniform Plumbing Code of the International Association of Plumbing and Mechanical Officials, the National Electrical Code of the National Fire Protection Association, the Uniform Mechanical Code of the International Conference of Building Officials and the International Association of Plumbing and Mechanical Officials as referenced in the State Building Standards Code shall apply to all occupancies throughout the state and shall become effective 180 days after publication in the State Building Standards Code by the State Building Standards Commission or at a later date after publication established by the commission."

The question presented asks which are the building standards that the subdivision makes applicable to all occupancies throughout the state: those that are contained in the uniform model codes themselves as adopted by the various private organizations, or those that have been adapted by state agencies, through additions and deletions to those found in the model codes, and are published in the State Building Standards Code. We conclude they are the latter.[2]

---

1. Unidentified section references hereinafter refer to sections of the Health and Safety Code. Also, all references to the State Building Code, the State Building Standards Code, and Title 24 of the California Administrative Code, mean the California Building Standards Code. (§ 18902.)

2. Although subdivision (a) of section 19841.5 provides that the building standards to which it refers are to be applicable to all occupancies throughout the state, subdivisions (b) and (c) of the section recognize that cities and counties might modify them under certain circumstances. With respect to that authority, we were also asked whether cities and counties have authority to amend the building standards required by section 18941.5, subdivision (a), and if so, if those amendments had to be based on local climatic, geological, or topographical conditions. Subsequent to entertaining the request, we were informed that the question of the scope of local authority under section 18941.5 is an issue in pending litigation in both federal and state court. This office "has traditionally declined to provide opinions on such questions while the litigation is pending." (66 Ops.Cal.Atty.Gen. i, iv [Foreword] (1983).)

In answering the question our primary task is to ascertain the intention of the Legislature for enacting subdivision (a) of section 18941.5 so that we may interpret it in such a way as to further that intent. (Cf., *Sand* v. *Superior Court* (1983) 34 Cal.3d 567, 570; *Great Lakes Properties, Inc* v. *City of El Segundo* (1977) 19 Cal.3d 152, 153.) To do so we look to the words of the subdivision itself (*People* v. *Belleci* (1979) 24 Cal.3d 879, 884; *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230), "according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose." ( *Dyna-Med, Inc.* v. *Fair Employment & Housing Comm.* (1987) 43 Cal.3d 1379, 1387). "A statute must be construed 'in the context of the entire statutory scheme of which it is a part, in order to achieve harmony among the parts.'" (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1009.)

The State Building Standards Law (§ 18901 et seq.) requires state agencies responsible for the adoption of building standards to submit them to the State Building Standards Commission for review and approval (§§ 18929, 18930, 18931 subds. (a),(c)), after which they are codified into the State Building Standards Code (§§ 18931, subd. (b), 19839, 18940; cf. §§ 18910, 18911). The standards adopted by the agencies are based in the main on standards contained in "uniform" or "model" industry codes, which are developed by private organizations through a consensual process among product manufacturers, building industry representatives, and government building officials to govern various aspects of building construction within the industry's concern. (§§ 18930, subd. (a)(7); 18932, subd. (c); 18941; cf. §§ 18916; 18928, 18939; see *Danville Fire Protection Dist.* v. *Duffel Financial & Constr. Co.* (1976) 58 Cal.App.3d 241, 249; 65 Ops.Cal.Atty.Gen. 397, 399, 401 (1982); 63 Ops.Cal.Atty.Gen. 566, 568-570 (1980); 60 Ops.Cal.Atty.Gen. 234, 237 (1977).)[3/]

But state agencies do not necessarily adopt building standards contained in the model codes without change; to the contrary, they are authorized and expected to amend them, with appropriate additions or deletions, in order to tailor them to particular California conditions and to address particular California programs, interests, and public health and safety concerns. (Cf. §§

---

3. These would include, for example, the Uniform Housing Code and the Uniform Building Code of the International Conference of Building Officials, the Uniform Plumbing Code and Uniform Mechanical Code of the International Association of Plumbers and Mechanical Officials, the National Electrical Code of the National Fire Protection Association, and the Uniform Fire Code of the International Conference of Building Officials and the Western Fire Chiefs Association, Inc. (Cf. § 18916 [definition of "model code"].)

18928, subd. (b), 18930, subd. (a)(7)(A), 18939.) [4] Where such changes are made, the building standards submitted to the State Building Standards Commission for approval will contain them, and it will be the standards as changed from their model code progenitors that will appear in the State Building Standards Code. (Cf. §§ 18938, 18939.) Thus a building standard of a model code that has been amended by a state agency will not appear in the State Building Standards Code in its original form, but rather as it has been adapted by the agency for projects and programs under its jurisdiction or to meet particular California building conditions. (*Ibid.*; see also Matrix Adoption Appendices in Title 24.)

With this in mind, if we now return to subdivision (a) of section 18941.5 and look to the clause following "as referenced in the State Building Standards Code," the standards about which the subdivision speaks become clear. It provides that those standards

"shall become effective 180 days <u>after [their] publication in the State Building Standards Code</u> by the State Building Standards Commission...."

As just seen, building standards, of whatever provenance, do not come to be published in the State Building Standards Code without going through the formal adoption process prescribed by the State Building Standards Law. But in that process, building standards from model codes that <u>have</u> been amended by state agencies are <u>not</u> published in the State Building Standards Code in their original pre-amended form at all, but only as they have been amended with appropriate additions and deletions to meet particular California conditions or program demands. Thus when subdivision (a) of section 18941.5 predicates the effective date of the specified standards upon their publication <u>in</u> the State Building Standards Code, it establishes beyond doubt that it is referring to the building standards as they have been amended

---

4. By way of specific examples: under section 17922, subdivision (a), the Department of Housing and Community Development adopts building standards that "impose substantially the same requirements as are contained in the most recent editions of [certain enumerated] uniform industry codes" but with "additions or deletions" as are appropriate to the needs of California. (See 63 Ops.Cal.Atty.Gen. 566, 578, *supra*; see also § 19990 [building standards for factory built housing].) Under section 4450 of the Government Code, the State Architect adopts building standards to ensure that certain buildings and facilities are accessible to and usable by the physically disabled; these standards are to be "consistent with the standards for buildings and structures which are contained in pertinent provisions of the latest edition of the Uniform Building Code," but with "such additional requirements ... as the State Architect determines are necessary to assure ... access and usability...." (See also, § 19955 et seq.)

by state agencies, for once a standard in a model code is amended, it is only the amended version which appears in the State Building Standards Code.[5/]

Furthermore, had the Legislature wished to have the building standards as they appear in the model codes apply to the state's occupancies, it need not have employed the language "as referenced in the State Building Standards Code," but could have simply stopped with the listing of the model codes in which they appear. But the "as referenced in" language was used; thus, any interpretation that the model codes' pre-amended standards were nonetheless meant to apply would make it surplusage. However, it is a principle of statutory interpretation that "[a] construction making some words surplusage is to be avoided." ( *Watkins* v. *Real Estate Commissioner* (1960) 182 Cal.App.2d 397, 400; accord, *City and County of San Francisco* v. *Farrell* (1982) 32 Cal.3d 47, 55; *California Mfgrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844.) For that reason too, the mention of "the building standards contained [in the specified model codes] as referenced in the State Building Standards Code" cannot be interpreted to refer to the standards as they were contained in the model codes in their pre-amended form before the California additions and deletions were made to them.

The phrase in question thus alludes to the standards contained in the model code standards, not as they appeared therein, but as they have been brought to appear in the State Building Standards Code. This interpretation of the "as referenced in" language in section 18941.5, subdivision (a), is consistent with the use of the term "reference" in sections 18928 and 18939, other provisions of the State Building Standards Law. There it is a term of art which prescribes the way in which model code standards are adopted in whole or in part for inclusion in the State Building Standards Code without reproducing their text.[6/] When a model code

---

5. It should also be noted that if the Legislature intended to have the original unadapted model code standards apply, and establish a deadline for their implementation, it would not have set a deadline upon their "publication _in_" the State Building Standards Code because the 180-day period would never commence -- since they are not published in the code. Rather the Legislature would have set the deadline for their implementation "180 days after publication _of_ the State Building Standards Code," as it originally did in subdivision (b) of section 18941.5 to set a date when local standards which deviate from the Code, and which also do not appear in it, become effective. (§ 18941.5, subd. (b) as added by Stats. 1988, ch. 1302, § 1.) We note that the word "of" was inadvertently deleted when subdivision (b) was amended last year (Stats. 1989, ch. 952, § 5).

6. Section 18928, subdivision (a) provides that "Each state agency adopting a model code, national standard, or specification

standard is adopted for California without modification, that is done by referencing the standard --i.e., citing and adopting the section of the model code which contains it, but not reproducing the text. When a model code standard is adapted for California purposes, similar citation is made to it but with the appropriate additions and deletions set forth, or a full text of the adapted California version appears.  (See Matrix Adoption Appendices in Title 24.)  Hence, a "referenced" model code may refer to something other than the entire, unmodified model code.

Since it is reasonable to assume that the Legislature did not intend to use a significant term in two different senses in the same law (*Stillwell* v. *State Bar* (1946) 29 Cal.2d 119, 123; *Rosemary Properties, Inc.* v. *McColgan* (1947) 29 Cal.2d 677, 686; *Diachenko* v. *State of California* (1981) 123 Cal.App.3d 932, 928), we may safely presume that when it used the past participle of "reference" in section 18941.5, it had the same meaning for it as it had when it used the term in sections 18928 and 18939.  Hence, in the context of section 18941.5, the citation to "the building standards contained in the [various industry codes] as referenced in the State Building Standards Code" means the standards contained in the model codes in the way they have been made to appear in the State Building Standards Code.  So understood, that would include any "appropriate additions and deletions" that were made to them by California agencies.

Finally it should be mentioned that some question has been raised as to whether the application of the building standards in the State Building Standards Code might not be limited by the programmatic responsibilities of the adopting agencies.  In other words, it is suggested that a building standard should only apply to the types of occupancies that are within the specific area(s) of jurisdictional concern of the state agency which adopted it.  We do not accept such a limitation.  Section 18941.5 does not direct the application of the building standards in the State Building Standards Code according to the areas of individual concern of the adopting agencies, but states that they are to "apply to <u>all</u> occupancies throughout the state. . . ."  (Emphasis added.)  Since the term "occupancy" is defined as "the purpose for which a building . . . is used or intended to be used" (§ 18917), that would mean that the standards were meant to apply on a generalized basis to all uses.  Of course, where a standard specifically states that it is to only apply

---

<u>shall reference</u> the most recent edition of the applicable model codes, national standards, or specifications."  (Emphasis added.)

Section 18939 provides that "Building standards adopted or approved by the [State Building Standards Commission] shall incorporate the text of the model codes, applicable national specifications, or published standards, in whole or in part, <u>only by reference</u>, with appropriate additions or deletions therefrom." (Emphasis added).)

to a particular type of occupancy, only that occupancy would be covered by it.

We therefore conclude that section 18941.5, subdivision (a), requires the application of building standards as they have been amended and appear in the State Building Standards Code to all occupancies throughout the state.

* * * * *