UNITED STATES of America,
Plaintiff-Appellee,

v.

Gene Willard GAYLOR,
Defendant-Appellant.

No. 86–6585.

United States Court of Appeals,
Fourth Circuit.

Argued June 2, 1987.

Decided Sept. 16, 1987.

Lesley Anne Fair, Appellate Law Fellow (Steven H. Goldblatt, Director Appellate Litigation Clinical Program, Georgetown University Law Center; Samuel Dash, Director, Washington, D.C., Ellen Pearlman, Appellate Law Fellow; Gale Connor; Winthrop Thurlow, Student Counsel on brief) for defendant-appellant.

Jerry W. Kilgore, Asst. U.S. Atty. (John P. Alderman, U.S. Atty., Roanoke, Va., on brief), for plaintiff-appellee.

Before HALL, PHILLIPS and WILKINSON, Circuit Judges.

K.K. HALL, Circuit Judge:

Gene W. Gaylor, a federal inmate, appeals an order of the district court denying his motion brought pursuant to 28 U.S.C. § 2255 to vacate an enhanced prison sentence imposed upon him under the Dangerous Special Offender ("DSO") statute, 18 U.S.C. § 3575. The district court held that Gaylor's collateral attack on a prior state conviction used to establish his special offender status was barred by his failure to exhaust available state remedies. We affirm.

I.

In 1979, while serving a twenty-year sentence on federal extortion charges, Gaylor was convicted of attempting to escape from federal custody. Prior to trial on the escape charges, the government filed a petition requesting that, if convicted, Gaylor be sentenced as a dangerous special offender.

The DSO statute then in effect[1] defined a "special offender" as one who had been convicted of at least two previous felonies on two different occasions with one of the felonies having been committed within five years of the offense for which the government sought sentencing under the DSO statute. As a further requirement for establishing special offender status, each of the two predicate felonies must have been punishable by imprisonment for at least one year. If the government could demon-

---

1. The Dangerous Special Offender statute, 18 U.S.C. § 3575, was repealed effective November 1, 1986, by Pub.L. 98–473, Title II, c. II, § 212(a)(2), 98 Stat. 1987.

strate by a preponderance of the evidence that a convicted felon was both a special offender and dangerous to the public, the statute authorized an enhanced prison sentence of up to twenty-five years.

Following Gaylor's trial and conviction on the attempted escape charges, a separate DSO sentencing hearing was held on December 14, 1979. At the hearing, the government cited the defendant's prior convictions for mail fraud and extortion. Of particular significance to this appeal, however, the government also relied upon Gaylor's 1957 First Degree Murder conviction in the state of Virginia. Although Gaylor took the stand at the DSO hearing, he made no challenge to the validity of the 1957 conviction even when invited to do so by the questioning of the Assistant United States Attorney. The only objection to the use of the 1957 conviction was raised by Gaylor's attorney, who contended that it should not be considered because it was more than ten years old.

At the conclusion of the hearing, the court found that Gaylor was a dangerous special offender and sentenced him to an additional term of imprisonment of twenty years. The DSO conviction was affirmed on appeal to this Court. A subsequent motion for a reduction of sentence pursuant to Fed.R.Crim.P. 35 was denied by the district court. At no time in the post-sentence proceedings did Gaylor challenge the validity of his 1957 conviction.

In 1984, Gaylor instituted the instant federal habeas action seeking relief from his enhanced sentence pursuant to 28 U.S.C. § 2255. In his petition, Gaylor alleged a number of errors in connection with the original DSO proceedings but only one is of continued relevance in this appeal. Specifically, he argued that his 1957 murder conviction was invalid, thereby rendering its

use in the DSO proceedings a violation of both the statute and the Constitution.[2]

After due consideration, the district court denied the petition for relief. The court concluded that the 1957 conviction was not facially invalid. The court further held that it was precluded from conducting an in-depth review of the state proceedings because Gaylor had failed to exhaust his remedies available under state law. This appeal followed.

## II.

On appeal, Gaylor contends that the district court erred by refusing to consider a challenge to the validity of his 1957 conviction. He argues that the usual concerns for comity, federalism and judicial economy which underlie an exhaustion of state remedies requirement are not implicated in a habeas challenge to a DSO sentence. Appellant further argues that this Court in *Brown v. United States*, 483 F.2d 116 (4th Cir.1973) and *United States v. Scarborough*, 777 F.2d 175 (4th Cir.1985), has recognized exceptions to the normal exhaustion rule in circumstances analogous to those present in his case. We are not persuaded by appellant's argument on this issue. Moreover, we conclude that the record clearly discloses an additional independent ground upon which habeas relief should be denied in this instance.

A state inmate seeking relief from a state conviction pursuant to 28 U.S.C. § 2254 is statutorily required to exhaust state remedies before presenting a claim to the federal courts.[3] Although there is no similarly explicit exhaustion requirement stated in 28 U.S.C. § 2255, we agree with the district court that it would create an unfortunate conflict between the two statutes if a federal inmate could attack a prior

---

**2.** Gaylor contended that he was a juvenile in 1957, improperly tried as an adult. He also contended that a coerced statement was used against him and that he was denied effective assistance of counsel.

**3.** 28 U.S.C. § 2254(b) states that:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to

the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

state conviction without first presenting the challenge to the state courts.

The requirement that a habeas petitioner exhaust available state remedies flows from the essential nature of our federal system wherein both federal and state courts are "equally bound to guard and protect rights secured by the Constitution." *Ex parte Royall*, 117 U.S. 241, 245, 6 S.Ct. 734, 736, 29 L.Ed. 868 (1886). To "minimize friction," *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981), in the operation of this dual system, comity demands that state courts "already cognizant of the litigation" be given the first opportunity to review errors asserted with regard to criminal convictions obtained in their jurisdictions. *Rose v. Lundy*, 455 U.S. 509, 518–19, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

A challenge to the validity of a state conviction implicitly questions in at least some part the integrity of the state's judicial process. It is the state's particular interest in preserving the dignity and public respect attendant to its system of criminal justice that justifies an exhaustion of remedies requirement. Clearly, therefore, it is the challenge itself and not the vehicle by which it is brought that implicates the interests of a state in a federal habeas petition. Although an exhaustion requirement has not been specifically codified in § 2255, there is no logical reason for treating a collateral attack on a state conviction brought under that provision differently from one arising under § 2254.[4]

In *Brown v. United States, supra,* we held that exhaustion of state remedies was required before a § 2255 petitioner could challenge the use of prior state convictions as sentencing factors.[5] We concluded that allowing a § 2255 petitioner to use a collateral attack on a federal conviction and sentence as a vehicle for a collateral attack on a state conviction and sentence without prior exhaustion would "make a nullity of Section 2254(b)." *Brown*, 483 F.2d at 121.

We did acknowledge in *Brown* that exhaustion would not be required if the habeas petitioner challenged a conviction obtained under a recidivist statute. We reject, however, appellant's contention that this narrow exception to the general rule has any application in the instant appeal.

In a prosecution brought pursuant to a recidivist statute, the existence of a constitutionally valid prior conviction is an essential jurisdictional element of the offense which the government must prove beyond a reasonable doubt. Judicial economy demands, therefore, that the validity of prior convictions be fully assessed at the criminal trial rather than through separate state proceedings. The imposition of a belated exhaustion requirement upon a habeas petitioner challenging a recidivist conviction would constitute an empty procedure that could not contribute to the goal of comity.

As we stated in *Brown*, however, the situation is "quite different in a case ... where the constitutional validity of the prior state convictions did not represent an essential element in the proof of the petitioner's crime." *Brown*, 483 F.2d at 122. In such circumstances, the government's essential power to convict a defendant and to impose punishment is not linked to proof of valid prior convictions. Furthermore, the reduced burdens of proof which the government must meet in order to apply prior convictions as sentencing factors does not generally require more than a showing of facial validity.[6] The government is not compelled to disregard comity and the state retains its substantial interest in conducting the initial assessment of alleged errors in its criminal justice system. We conclude, therefore, that our decision in

---

4.  A requirement of exhaustion of state remedies is not merely a creature of statute. The codification of the principle of exhaustion in § 2254 gave concrete form to long-existing law. *Lundy*, 455 U.S. at 516 n. 8, 102 S.Ct. at 1202 n. 8.

5.  The petitioner in *Brown* contended that certain prior convictions had been obtained in vio-

lation of his right to counsel and, thus, the sentencing court was barred by the rule in *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), from considering them.

6.  The DSO statute provided that: "[a] duly authenticated copy of a former judgment or commitment" would be prima facie evidence of the prior conviction. 18 U.S.C. 3575(b).

*Brown* rather than creating an exception which would support appellant's contention, thoroughly supports the imposition of an exhaustion requirement with regard to his habeas petition.

We likewise find appellant's reliance on *United States v. Scarborough* utterly misplaced. In *Scarborough,* we interpreted that portion of the DSO statute which precluded the use for sentence enhancement of convictions "shown on direct or collateral review or *at the hearing* to be invalid." 18 U.S.C. § 3575(e) (emphasis added). We held that the explicit language of the statute entitled a DSO offender to raise objections to the underlying validity of prior state convictions at the DSO hearing even though the allegations had not been previously considered by the state courts.

Our decision in *Scarborough* recognized a limited waiver of the usual rule of exhaustion in the narrow and specific circumstances prescribed by Congress. Nothing in our decision or in the statute would extend that waiver to habeas actions pursuant to § 2255. Appellant had the right under the statute to raise objections to his state convictions at his DSO hearing but failed to do so. Having chosen now to seek relief through a habeas petition, he must accept the established limitations on that remedy.

In sum, we conclude that exhaustion of state remedies is required before a DSO offender can seek to challenge through § 2255 the enhanced sentence based in part on prior state convictions. We find no error, therefore, in the district court's dismissal of Gaylor's petition.[7]

---

7. Appellant's suggestion in post-argument submissions that he may, in fact, have exhausted state remedies is unpersuasive. The material provided indicates that he filed a writ of error coram vobis which was denied by the state circuit court. The denial was then affirmed in 1981 by the Supreme Court of Virginia. Appellant argues that a remand to the district court is necessary to determine whether the filing of a writ of error coram vobis qualifies as exhaustion of state remedies. We disagree.

Virginia case law indicates that a writ of error coram vobis is a mechanism for correcting

## III.

■ Although not expressly addressed by the district court, the record in this appeal also discloses an additional defect in appellant's quest for habeas relief. Gaylor concedes, on appeal, that his failure to object to his 1957 conviction at the DSO hearing requires him to demonstrate both cause and actual prejudice before he can seek collateral relief on that issue. *See United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

Gaylor argues that the unsettled state of the law at the time of his DSO hearing provides cause for his default. He contends that until *Scarborough* was decided, no federal court had clearly determined the scope of review of state convictions at DSO hearings. Relying on *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), appellant suggests that the idea of challenging state convictions at DSO hearings was so novel that no "reasonable basis" existed for asserting such a challenge. We find absolutely no merit in appellant's theory.

At the time of Gaylor's sentencing, the right of a DSO offender to attack his state conviction at his hearing, unlike the situation in *Ross,* was not a subtle question of evolving constitutional law. Rather, it was a matter expressly articulated in the relevant statute. Although this Court did not directly address the precise issue of statutory interpretation until 1985, there was no contrary authority in 1979 to suggest that the plain language of the statute was to be disregarded. The law is often in a state of flux. The mere fact that certain legal principles are unsettled does not deprive a com-

---

"clerical errors or errors in fact." *Blowe v. Peyton,* 208 Va. 68, 155 S.E.2d 351 (1967). We strongly doubt, therefore, that such a procedure would fully present Gaylor's objections to his 1957 conviction to the Virginia courts, thereby exhausting his available remedies. Moreover, in light of our discussion of procedural default in Section III, *infra,* of this opinion, it is clear that Gaylor's habeas petition is fatally flawed even if the issue of exhaustion were to be resolved in his favor.

petent attorney of a "reasonable basis" for asserting a claim.

We conclude that appellant possessed ample justification for a challenge to his 1957 conviction at his DSO hearing. The failure to assert that challenge was, therefore, a procedural default for which no good cause can be shown and which precludes any grant of collateral relief.

## IV.

For the foregoing reasons, the judgment of the district court dismissing the petition for habeas relief is affirmed.

AFFIRMED.