[No. B100598. Second Dist., Div. Five. Aug. 19, 1996.]

In re JULIE S., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Plaintiff and Respondent, v.
LAURA S., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part IIA, including subheadings IIA and B.

## COUNSEL

Harry Zimmerman, under appointment by the Court of Appeal, for Defendant and Appellant.

De Witt W. Clinton, County Counsel, Joe Ben Hudgens, Deputy County Counsel, and Tracey F. Resnick for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.—**

### I.  INTRODUCTION

This appeal is from dependency proceedings under the Welfare and Institutions Code.[1] Laura S., the mother, appeals, following termination of her parental rights pursuant to section 366.26. On appeal, she raises issues concerning orders pursuant to section 366.22 terminating family reunification services, referring her minor daughter, Julie S., for adoptive planning, and setting the section 366.26 hearing. The mother previously filed a petition for extraordinary writ challenging the findings and orders pursuant to section 366.22. That petition was decided on the merits. Under these circumstances, the order setting a section 366.26 hearing is not appealable following the

---

[1] All further statutory references are to the Welfare and Institutions Code.

termination of parental rights. (§ 366.26, subd. (*l*)(1); Cal. Rules of Court,[2] rules 39.1B(d), 1435(b), and 1436.5(c); see *Guillermo G.* v. *Superior Court* (1995) 33 Cal.App.4th 1168, 1172-1173 [39 Cal.Rptr.2d 748].) Accordingly, we dismiss the appeal.

## II. DISCUSSION

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

■ As a matter of statutory law, an appeal from an order setting a section 366.26 hearing is only available if a petition for an extraordinary writ challenging the order was filed and was summarily denied or otherwise not decided on the merits. (§ 366.26, subd. (*l*)(1); rules 39.1B(d), 1435(b), and 1436.5(c); see *Guillermo G.* v. *Superior Court, supra,* 33 Cal.App.4th at pp. 1172-1173.) Subdivision (*l*)(1) of section 366.26 provides: "An order by the court that a hearing pursuant to this section be held *is not appealable at anytime* unless *all* of the following applies: [¶] (A) A petition for extraordinary writ review was filed in a timely manner. [¶] (B) The petition substantively addressed the specific issues to be challenged and supported that challenge by an adequate record. [¶] (C) *The petition for extraordinary writ review was summarily denied or otherwise not decided on the merits.*" (Italics added.) The statutory language is clear and unambiguous. There is no uncertainty as to the legislative intent. As a result, we need not look further. We must enforce the statute according to the plain meaning of its terms. (*Trope* v. *Katz* (1995) 11 Cal.4th 274, 280 [45 Cal.Rptr.2d 241, 902 P.2d 259]; *Curl* v. *Superior Court* (1990) 51 Cal.3d 1292, 1300 [276 Cal.Rptr. 49, 801 P.2d 292].)

The court rules are consistent with the statute. Rule 39.1B governs writ petitions challenging the findings and orders of the juvenile court in setting a hearing under section 366.26. Rule 39.1B(d) provides in relevant part: "The findings and orders of the juvenile court in setting a hearing under section 366.26 may be reviewed on appeal following the order of the 366.26 hearing only if the following have occurred: [¶] (1) An extraordinary writ was sought by the timely filing of [a writ petition]; and [¶] (2) The petition for extraordinary writ was summarily denied or otherwise not decided on the merits." Rule 1436.5(c) is to the same effect and provides in part: "The findings and orders setting a hearing under section 366.26 may be reviewed on appeal following the order of the 366.26 hearing only if the following have occurred: [¶] (1) An extraordinary writ was sought by the timely filing of [a writ petition]; and [¶] (2) The petition for extraordinary writ was

---

[2]All further references to a rule are to the California Rules of Court.
*See footnote, *ante,* page 988.

summarily denied or otherwise not decided on the merits." Rule 1435(b) states in relevant part: "Any judgment, order, or decree setting a hearing under section 366.26 may be reviewed on appeal following the order of the 366.26 hearing only if the procedures in rules 39.1B and 1436.5 have been followed."

In the present case, the mother filed a petition for an extraordinary writ pursuant to subdivision (*l*)(1) of section 366.26, and rule 39.1B, challenging the findings and order setting the hearing concerning the adoption. This court issued an order to show cause, afforded the parties an opportunity to fully brief and to orally argue the cause, and issued a written opinion on the merits. (*In re Julie S.* (Oct. 6, 1995) B094585 [nonpub. opn.].) The petition having been decided on the merits, the order setting the section 366.26 hearing is not appealable following the order terminating parental rights pursuant to section 366.26. The only issues raised on appeal relate to the section 366.22 hearing. Therefore, we dismiss the appeal.

III.   DISPOSITION

The appeal is dismissed.

Grignon, J., and Godoy Perez, J., concurred.